OBERDORFER, J.,
concurring in part and dissenting in part.
I fully agree with Judge Greenberg’s masterful analysis of this very complex matter with one exception. I would also reverse and remand the district court’s grant of defendants’ motion for summary judgment dismissing the claim of the Houck plaintiffs under Pennsylvania’s Loan Interest Protection Law (“LIPL”), Pa.Stat.Ann. tit. 41, § 101 et seq. See majority op. Part III.A.3.1 am persuaded that if homeowners who agreed to payment plans assumed a personal liability in addition to any imposed incident to an original lien in rem, those homeowners have by those agreements given the creditor valuable additional consideration to forbear collection. If the payment plans created an additional personal liability, that liability imposed a detriment on the debtor by exposure of any free assets, future earnings and expectancies to the risk of a judgment, and reciprocally enhanced the value of the creditor’s claim. The addition of this value to the creditor’s claim together with the pre-existing interest obligation of the Houck payment plan participants could be in consideration “for the ... use of money” within the meaning of the LIPL. As the Court has noted,
If a creditor who collects [damages for detention, as distinguished from forbearance] agrees to forbear without imposing greater charges, then the post-forbearance charges are still in effect charges for detention.... The situation is fundamentally different where a new or higher rate is charged in connection with the forbearance.
Maj. op. note 18.
My colleagues “do not question the proposition that non-monetary as well as monetary consideration may be taken into account in determining if a creditor has extracted an unlawful amount of value in return for a ... forbearance.” Maj. op. at 398. They conclude, however, that
the interest and penalties paid by those who entered into payment plans have not been paid as consideration for NTF’s forbearance, ... regardless of the fact that other things of value ... may have been given as consideration.
Maj. op. at 399.
I do not believe that the present record supports this conclusion. Indeed, it is undisputed that payment plan participants assumed a new obligation to pay attorneys’ fees. In addition, there is a fact dispute as to whether they also assumed a personal liability. See maj. op. note 19. Most important, whether or not the parties intended any non-monetary thing of value to be consideration for forbearance by the creditor is a quintessential question of fact to be resolved in the first instance by a trier of fact.
Accordingly, I would also reverse and remand the district court’s grant of summary judgment dismissing the claim of the Houck plaintiffs under “LIPL.” To this limited extent, I respectfully dissent.